IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

MAR 0 6 2007

Michael N. Milby, Clerk

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | CRIMINAL NO. H-07-181 M |
| | § | |
| | § | |
| PABLO ERNESTO SALDANA | § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

### Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)     The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]     a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]     an offense for which the maximum sentence is life imprisonment or death.

        [ ]     an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]     a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    [ ] (2)     The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)     A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4)  Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[x]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

   [x] (1)   There is probable cause to believe that the defendant has committed an offense

   [x]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
   ( x) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

   [ ]   under 18 U.S.C. § 924(c).

   [x] (2)   The defendant has not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[x]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

   [ ] (1)

   [x] (2) There is a serious risk that the defendant will flee.

   [ ] (3)

   [ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

   [ ] (1) As a condition of release of the defendant, bond was set as follows:
   Defendant has stated that he is financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendant. I find that the amount of bond is reasonable and necessary.

   [ ] (2)

   [x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

   [ ] (4)

[ ] (5)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
Pablo Ernesto Saldana has been charged by Superseding Indictment in the United States District Court for the Northern District of Texas, Dallas Division with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(A) (count one). **I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**

Evidence presented at the Rule 5 hearing shows that the grand jury has made a probable cause determination that Pablo Ernesto Saldana ("Saldana") conspired to possess with intent to distribute five kilograms or more of cocaine. Saldana's identity was established by eyewitness testimony by a DEA agent who witnessed Saldana committing the offense charged in the Superceding Indictment.

Saldana has family ties to the community. He also has ties to Rio Grande City, Texas. His employment is stable. There is strong evidence of guilt in this case, and a high likelihood that Saldana will be sentenced to a lengthy prison term, which contributes to the risk of flight. The evidence includes Title III intercepts recorded before October 21, 2005, of Saldana and John Wesley Toney, a co-defendant, in which Toney stated he had "100" and Saldana requested that he save him "25." In addition to the Title III intercepts, there is an eyewitness identification by a DEA agent of Saldana delivering 25 kilograms of cocaine. Also, the cooperating source wore a recording a device so the drug transactions between the cooperating source and Saldana are recorded. Saldana's criminal history includes a felony conviction for aggravated assault with a deadly weapon. He was sentenced to one year probation. While on bond for this offense, Saldana was arrested for unlawfully carrying a weapon. This demonstrates an inability or unwillingness to comply with release conditions. Accordingly, having determined that there are no standard conditions of release to assure the appearance of the Defendant at all future court proceedings in this matter, the Court ORDERS that Defendant, Pablo Ernesto Saldana, be DETAINED pending further proceedings in this matter.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 6th day of March 2007

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE